(96 South. 281)

No. 25665.

## STATE v. BOICE.

(April 2, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ⬦⟶625—**Plea of present insanity properly tried and decided by judge.**

A plea that defendant was insane when called for arraignment was properly heard and decided by the trial judge.

2. **Criminal law** ⬦⟶625—**Evidence held to sustain plea that defendant was insane at date of arraignment.**

Evidence on trial of defendant's plea that he was insane at date of arraignment *held* to sustain the plea.

Appeal from Ninth Judicial District Court, Parish of East Carroll; F. X. Ransdell, Judge.

Leroy Boice was convicted of murder, and he appeals. Verdict and sentence annulled, and case remanded, with instructions.

James H. Gilfoil, Jr., of Lake Providence, for appellant.

A. V. Coco, Atty. Gen., and Jeff B. Snyder, Dist. Atty., of Tallulah (T. S. Walmsley, of New Orleans, of counsel), for the State.

O'NIELL, C. J. Appellant stands convicted of murder and condemned to hang.

[1] The most important bill of exception in the record was taken to the overruling of a plea of insanity. The plea was, not that defendant was insane when the homicide was committed, but that he was insane when called for arraignment. The plea was heard and decided by the judge; that is, as it should have been disposed of, according to our ruling in State v. McIntosh, 136 La. 1000, 68 South. 104.

The testimony on the question of insanity was taken down stenographically and transcribed, and is annexed to the bill of exception, for our consideration, all in compliance with the Act 113 of 1896. A plea of *present insanity* does not pertain directly to the question of guilt or innocence of the party accused. Therefore, it presents one of those questions of fact to be decided by the judges, not the jury.

[2] An examination of the testimony convinces us that appellant was insane when his plea was filed. The only dispute was in the diverse opinions of the three doctors who testified on the subject. Two of them thought the man was sane; the other thought he was insane. All the laymen who testified expressed the opinion that he was insane, and some of them gave substantial reasons for their opinion. Our own opinion is founded upon the undisputed facts of the case. Appellant is a colored man, who was always of very low order of mentality, not far above idiocy. He is now 22 years of age, and has syphilis in its third stage, characterized by an eruption all over the body, with the ordinary by-products, tabes dorsalis, or locomotor ataxia, and paresis. The reaction on a Wasserman test was "4 plus," which, we judge from the expert testimony, shows that the disease has already destroyed much of the brain tissue. Besides, the man is an onanist, and was unashamed of it in the presence of his comrades in jail. The disgusting facts of the case convince us that the defendant is insane. The two physicians who believed that he was sane prefaced their testimony with the frank admission that they were not experts on mental conditions and that they had had only one interview with the defendant in this case.

The verdict and sentence are annulled, and it is ordered that this case be remanded to the district court, with instructions that the defendant be committed to the insane asylum, to await retrial if he becomes sane.